■ In the Matter of KEVIN BUIST, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [8 NYS3d 183]—

Determination of respondent, dated March 6, 2013, which, after a hearing, sustained charges that petitioner had conducted himself in a manner prejudicial to or discrediting respondent, left his assigned work area without authorization, and failed to perform his assigned duties for part of the workday, and terminated petitioner's employment, unanimously modified, on the law, to the extent of annulling so much of the determination as found that petitioner left his assigned work area without authorization and failed to perform his assigned duties for part of the workday, vacating the penalty of termination and remanding the matter to respondent for the imposition of an appropriate penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered Nov. 26, 2013), otherwise disposed of by confirming the remainder of the determination, without costs.

The findings that petitioner left his assigned work area without authorization and failed to perform his assigned duties for part of the workday on the dates charged are not supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The director of respondent's Emergency Services Department, in which petitioner worked as a shift superintendent, testified that, if a shift superintendent leaves his or her post, he or she must request coverage in his or her absence, and cannot leave without such coverage. The director further testified that if a higher level employee is not available, an assistant superintendent may provide coverage.

The director acknowledged that another employee who had been an assistant shift superintendent and was being trained as a shift superintendent was on duty with petitioner on May 31, 2012, and was qualified to cover for petitioner when he left his post on that day. Regarding June 6, 2012, the director acknowledged that another shift superintendent was on duty with petitioner on that day. Although when the director tried calling their work post, the call bounced to another location and he was informed that the shift supervisor was not there at the moment, respondent points to no evidence in the record

that it was petitioner and not the other shift superintendent who left the post unattended.

In view of the foregoing, the matter is remanded to respondent for the imposition of an appropriate penalty on the sustained charge that petitioner conducted himself in a manner prejudicial to or discrediting respondent. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.